[Civil No. 648.   Filed March 15, 1899.]

[56 Pac. 740.]

## JOHN PRINGLE et al., Defendants and Appellants, v. JOHN G. HALL, Plaintiff and Appellee.

1. PLEADING—JOINDER OF CAUSES—REFORMATION OF CONTRACT—DAMAGES FOR BREACH.—A demurrer to a complaint joining a cause of action for reformation of a contract with one for damages arising from a breach of the contract as reformed is properly overruled, the code procedure not only permitting but encouraging the combination of actions arising out of the same transaction.

2. APPEAL AND ERROR—REVIEW—ERROR IN OVERRULING DEMURRER ELIMINATED BY VERDICT.—Where the jury returned a special verdict finding that all the contract between the parties was contained in an instrument in writing, and no reformation was adjudged and no damages rendered by virtue of any reformation, possible error in overruling a demurrer for misjoinder of a cause of action for reformation of a contract with one for damages for breach of contract as reformed is eliminated.

3. SAME—ASSIGNMENTS OF ERROR—MUST BE SPECIFIC—INSTRUCTIONS. —Where the assignments of error based upon instructions to the jury fail to specifically point out the errors relied upon, and none are apparent to this court, the judgment will be affirmed.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Fletcher M. Doan, Judge. Affirmed.

Statement of facts:—

Appellants and appellee, on the tenth day of March, 1897, entered into a written agreement, in which the appellants, under the name of Pringle Brothers, contracted to deliver to appellee, Hall, five thousand head of cattle for the price of twelve dollars per head, in good shipping condition, at Holbrook, Arizona, as follows: Twenty-five hundred head on the tenth day of May, fifteen hundred head on the first day of June, and one thousand head on the tenth day of September. The cattle were to be good and smooth, and exclude stags, blinds, swaybacks, big-jaws, dwarfs, cripples, and cattle deformed. The purchaser, Hall, gave or paid to Pringle Brothers two dollars per head, or ten thousand dollars, at the time

of making the agreement, as a partial or advance payment on said cattle; and Pringle Brothers agreed to forfeit two dollars per head for a failure on their part to complete their agreement. They delivered, under said contract, 2,945 head of cattle, which were paid for at the time of the delivery at the rate of twelve dollars per head, two dollars per head being included, the amount of deposit—ten thousand dollars—not being fully taken up; and failed to deliver 2,055 head. Hall brought action to recover damages for failure to deliver the 2,055 head under the contract at the stipulated amount of two dollars per head, and also to recover the two dollars per head deposited on the 2,055 head not delivered. He asked in said action for a reformation of the agreement, alleging that the contract, as signed, did not express the entire agreement of the parties, in that it was specially agreed "that the calves of the cows to be delivered that were calved on or after January 1, 1897, were to go with the cows, and not be counted as a part of the five thousand head of cattle; and that such contract was a part of the consideration that induced plaintiff to pay the sum of twelve dollars per head for five thousand head of cattle"; "that it was the intention of the parties that the contract should so express that part of the agreement, but by a mistake of the draftsman who drew the written contract that part of the agreement with reference to the calves born after the first day of January, 1897, was omitted"; and further asked that, after the instrument was so reformed, he be allowed to recover damages for the non-delivery of the calves calved after the first day of January, 1897. The defendants, Pringle Brothers, demurred to the complaint for the reason "that two causes of action are improperly joined together, which are not capable of the same character of relief." The demurrer was overruled, and the cause was tried to a jury. The special issues were submitted to the jury, the third and fourth of which relate to the completeness of the written contract. The third is: "Did the contract, as signed by the parties, include therein all of the terms of contract for the sale and delivery of cattle as agreed upon by the parties, and as they directed it to be drawn?" to which the jury returned answer, "Yes." The fourth is: "Was it agreed and understood by the parties to the contract that the calves of the cows delivered that were calved on and after January 1, 1897, were

to be thrown in, and not counted," to which the jury answered, "No." Upon the contract as it stood without being reformed, the jury made such answers to the special issues submitted to them that the court rendered judgment for plaintiff and against defendants, Pringle Brothers, that he recover (1) the sum of $4,110 of the money advanced, and $383.50 damages for the use of the same; (2) $4,110 liquidated damages for the failure to deliver 2,055 head of cattle; (3) $500 damages for cattle delivered not in good condition; (4) and the court further adjudged that the defendants recover from plaintiff the sum of $185 damages on account of plaintiff refusing to accept thirty-seven head of cattle of the kind and condition specified in the contract,—making a total judgment in favor of plaintiff in the sum of $8,918.50.

E. J. Edwards, P. T. Robertson, and J. S. Sniffen, for Appellants.

The demurrer to the complaint ought to have been sustained. Two causes of action were improperly joined and united together which were not capable of the same character of relief. One was to reform a contract, and purely equitable in its nature, and the other was for damages for a breach of the contract as reformed, and simply an action at law. Tit. XV, sec. 22, par. 670, Rev. Stats. Arizona; *Harrison* v. *Juneau Bank,* 17 Wis. 350; *Gunn* v. *Madigan,* 28 Wis. 158; Pomeroy on Remedies and Remedial Rights, sec. 459.

Moorman & McFarland, and George J. Stoneman, for Appellee.

Different modes of relief do not make different causes of action. Where a contract is both reformed and enforced the relief may be called double,—first, the correction of the mistake, and, second, the damages for the breach. *Globe Ins. Co.* v. *Boyle,* 21 Ohio St. 119; *Bidwell* v. *Astor Mut. Ins. Co.,* 16 N. Y. 357, 69 Am. Dec. 707, and note; *Cahoon* v. *Bank of Utica,* 7 N. Y. 486.

The supreme court of California in discussing this question says: "A complaint stating the facts, and praying that a deed be declared a mortgage and the title to the land be quieted, does not join two causes of action. . . . One cause of action is alleged, but two modes of relief." *Louvall* v. *Grid-*

*ley,* 70 Cal. 507, 11 Pac. 777; *Hutchinson* v. *Ainsworth,* 73
Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82; *McClurg* v. *Phillips,*
49 Mo. 315.

This question is settled by the decision of the supreme court
of the United States in *Ely* v. *New Mexico etc. R. R. Co.,* 129
U. S. 291, 9 Sup. Ct. 293, reversing the supreme court
of this territory. See, also, *Hornbuckle* v. *Toombs,* 85 U. S.
291; *Hirshfield* v. *Griffith,* 18 Wall. 657; *Davis* v. *Bilsland,*
18 Wall. 659; *Henderson* v. *Dickey,* 50 Mo. 151; *Paddock* v.
*Somes,* 102 Mo. 226, 14 S. W. 746; *Blair* v. *Chicago etc. R. R.
Co.,* 89 Mo. 383, 1 S. W. 350; *McHoney* v. *German Ins. Co.,*
44 Mo. 426; *Ware* v. *Johnson,* 55 Mo. 500; *Gormley* v. *Potter,*
29 Ohio St. 597; *Moore* v. *Ogden,* 35 Ohio St. 434; *Globe Ins.
Co.* v. *Boyle,* 21 Ohio St. 119; *Stock Growers' Bank* v. *New-
ton,* 13 Colo. 245, 22 Pac. 444; *Pfister* v. *Darcy,* 65 Cal. 403, 4
Pac. 393; *Giant Powder Co.* v. *San Diego F. F. Co.,* 78 Cal.
193, 20 Pac. 419; *Barley* v. *Dale,* 71 Cal. 34, 11 Pac. 404;
*Jacob* v. *Lorens,* 98 Cal. 332, 32 Pac. 119; *Gates* v. *Kieff,* 7
Cal. 124; *Waterson* v. *Saldunbehere,* 101 Cal. 107, 35 Pac.
432; *Morehout* v. *Higuerra,* 32 Cal. 289; *Tompkins* v. *Sprout,*
55 Cal. 31; *Hutchins* v. *Ainsworth,* 63 Cal. 286; *Gallman* v.
*Perry,* 47 Miss. 146; *Orendorf* v. *Budlong,* 12 Fed. 24; *Kahn*
v. *Kahn,* 15 Fla. 400; *Montgomery* v. *McEwen,* 7 Minn. 351;
*St. Paul etc. R. R. Co.* v. *Rice,* 25 Minn. 278; *Nichols* v. *Ran-
dall,* 5 Minn. 304; *Turner* v. *Althaus,* 6 Neb. 55; *Wineland* v.
*Cochran,* 9 Neb. 484, 4 N. W. 67; *Keeres* v. *Gaslin,* 24 Neb.
310, 38 N. W. 797; *Stewart* v. *Carter,* 4 Neb. 564; *New York
Ice Co.* v. *N. W. Ins. Co.,* 23 N. Y. 357; *Davis* v. *Morris,* 36
N. Y. 569; *Latlin* v. *McCarty,* 41 N. Y. 107; *Bockes* v. *Lansing,*
74 N. Y. 437; *F. and M. National Bank* v. *Rogers,* 17 N. Y.
St. 381, 1 N. Y. Supp. 757; *Sternberger* v. *McGovern,* 56
N. Y. 12; *Beck* v. *Allison,* 56 N. Y. 366, 15 Am. Rep. 430;
*O'Sullivan* v. *New York etc. R. R. Co.,* 25 N. Y. St. 903,
7 N. Y. Supp. 51; *Robinson* v. *Smith,* 53 Hun, 638, 7 N. Y.
Supp. 38; *Quarl* v. *Abbott,* 102 Ind. 233, 52 Am. Rep. 662, 1
N. E. 476; *Frank* v. *Keesler,* 30 Ind. 8; *Brown* v. *State,* 121
Ind. 235, 23 N. E. 75; *Fite* v. *Pringle,* 132 Ind. 312, 21 N. E.
1054; *Rigsbee* v. *Trees,* 21 Ind. 225; *J. L. Roper Lumber Co.*
v. *Wallace,* 93 N. C. 22; *Burton* v. *Collins,* 118 N. C. 196, 24
S. E. 122; *Dawson Bank* v. *Harris,* 84 N. C. 206; *England* v.
*Garner,* 86 N. E. 366; *People* v. *Met. Tel. Co.,* 31 Hun, 598;

*Scarborough* v. *Smith,* 18 Kan. 399; *Johnson* v. *Stratton,* 6 Tex. Civ. App. 431, 25 S. W. 688; *Lyon-Thomas Hd. Co.* v. *Perry S. Mfg. Co.,* 88 Tex. 468, 27 S. W. 100; *Cassaday* v. *Waco Tap. R. Co.,* 78 Tex. 131, 10 S. W. 543; *Stock Growers' Bank* v. *Martin,* 13 Colo. 245, 22 Pac. 444; *Vail* v. *Hammond,* 60 Conn. 374, 25 Am. St. Rep. 330, 22 Atl. 954; *Butler* v. *Barnes,* 60 Conn. 170, 21 Atl. 419; *McKinnis* v. *Freeman,* 48 Iowa, 364; *Stapleton* v. *King,* 40 Iowa, 278; *United States* v. *Williams,* 6 Mont. 379, 12 Pac. 851; *Brewer* v. *McCain,* 21 Colo. 382, 41 Pac. 822; *Edde* v. *Pashpah-o,* 5 Kan. App. 115, 48 Pac. 844; *American Savings etc. Assn.* v. *Burghardt,* 19 Mont. 323, 61 Am. St. Rep. 507, 48 Pac. 391; *Thomas* v. *Thomas,* 41 N. Y. 503; *Threatt* v. *Brewer Min. Co.,* 49 S. C. 95, 26 S. E. 970; *State* v. *Parsons,* 147 Ind. 579, 62 Am. St. Rep. 430, 47 N. E. 17; *Swanson* v. *Kirby,* 98 Ga. 586, 26 S. E. 71; *Daniels* v. *Baxter,* 120 N. C. 14, 26 S. E. 635; *Ingram* v. *Abbott,* 14 Tex. Civ. App. 583, 38 S. W. 626; *Vermont L. and T. Co.* v. *McGregor,* 5 Idaho, 320, 51 Pac. 102; *Brady* v. *Linehan,* 5 Idaho, 732, 51 Pac. 761; *Dykman* v. *Keeney,* 47 N. Y. 352.

STREET, C. J. (after stating the facts.)—1. As to the demurrer to the complaint that causes of action were united which required separate and different relief, one legal and the other equitable: Before the adoption of the reform procedure now existing in so many states, it was the rule that application would have to be made to a court of equity to reform the instrument, and then, as it was reformed, a court of law could administer the remedy. It is now well settled by a number of states, and by decisions from the United States supreme court on causes appealed to it from the territories, of which our territory has furnished examples, that such causes of action can be united. Pomeroy, in his work on Remedies and Remedial Rights (par. 76), says: "The new system not only permits, but encourages, such a union and combination; for one of its elementary notions is that all the possible disputes or controversies arising out of or connected with the same subject-matter or transaction should be settled in a single judicial action." In paragraph 77 he gives a classification of the combinations that may be made. The possible modes or forms of the union or combination by the plaintiff of legal

and equitable primary rights and remedies in one suit are the following: 1. Both a legal and equitable cause of action may be alleged, and both a legal and equitable remedy obtained; 2. Both legal and equitable causes of action may be alleged, and the single remedy obtained may be legal or equitable; 3. Upon an equitable cause of action—that is, an equitable primary right alleged to have been invaded—a legal remedy may be obtained; 4. Upon a legal cause of action— that is, a legal primary right alleged to have been invaded— an equitable remedy may be obtained; and 5. In an action purely legal—that is, where the primary rights asserted to have been invaded and the remedy demanded are both legal— the plaintiff may invoke an equitable right or title in aid of his contention, and obtain his remedy by its means. The defendants' demurrer was properly overruled. In any event, the question is eliminated from the judgment by reason of the special findings of the jury that all the contract between the parties was contained in their instrument of writing. No reformation of the written agreement was adjudged, and no damages rendered by virtue of any reformation.

2. Appellants have made many assignments of error in regard to the instructions of the court and the findings of the jury. Neither in appellants' brief nor in their oral argument have they undertaken to specifically point out any misdirections to the jury by reason of the instructions given at the request of appellee, or upon the court's own motion, or error by reason of refusing to give instructions offered by appellants. Consequently, in our view of the instructions, we have not been able to discover wherein the jury were misdirected, or wherein they should have received a direction offered and refused. In examining the evidence, we are unable to agree with appellants that the findings of the jury are unsupported by the evidence, or even contrary to the weight of evidence. We find no error in the admission or rejection of evidence. The judgment of the district court is affirmed.

Sloan, J., and Davis, J., concur.